BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE REFRIGERANT GAS ANTITRUST LITIGATION   DOCKET NO. 76

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN*, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

In civil and criminal antitrust actions filed in the Northern District of Ohio, the United States alleges a conspiracy among the six manufacturers of refrigerant gases, wholesalers of the gases and the wholesalers' trade association to monopolize and to restrain trade and commerce in refrigerant gases for replacement purposes.[1] The criminal indictment names only the trade association, Airconditioning and Refrigeration Wholesalers (ARW), and several of its officers as defendants. The civil action, seeking equitable relief, names the six manufacturers[2] and ARW as defendants. Both of these actions have been assigned to the Honorable William K. Thomas for all purposes.

_____

* Although Judge Murrah was not present at the hearing he has, with the consent of all parties, participated in this decision.

[1] Refrigerant gases are allegedly sold both for use in original air conditioning and refrigeration equipment and for replacement purposes in such equipment. The United States alleges, in essence, that while the gases could be purchased in bulk from the manufacturers for original equipment use, purchases for replacement use could be made only through wholesalers.

[2] The six manufacturers are Allied Chemical Corp., E. I. duPont de Nemours & Co., Kaiser Aluminum & Chemical Corp. (and Kaiser Aluminum & Chemical Sales, Inc.), Pennwalt Corp., Racon, Inc., and Union Carbide Corp.



- 2 -

Three related treble damage actions have been filed,
two in the Southern District of Florida and one in the Eastern
District of Pennsylvania.  The complaints in these actions are
based largely on the allegations made by the United States in
its two actions and each of the private plaintiffs seeks to
represent a class of purchasers of refrigerant gases allegedly
injured by the defendants' conduct.  Plaintiff Kanze in the
Eastern District of Pennsylvania wishes to represent a class
composed of all air conditioning and refrigeration dealers,
contractors, service men and industrial concerns.  In the
Southern District of Florida plaintiff Certified Air Conditioning,
Inc. seeks to represent a class composed of all purchasers of
refrigerant gas for their own use or resale for replacement
purposes while plaintiff Dade County brings its action on behalf
of all governmental purchasers of the gases for their own use
in the United States.

Three of the six common defendants have filed with the
Panel a motion requesting the transfer of these actions under
28 U.S.C. §1407 to the Northern District of Ohio for coordinated
or consolidated pretrial proceedings.  All parties, with the ex-
ception of plaintiff Kanze in the Eastern District of Pennsylvania,
agree on the need for transfer of these cases to a single pretrial
forum but disagree concerning the most appropriate transferee
district.  The papers filed with the Panel and the arguments pre-
sented at the hearing have convinced us that these cases must be
transferred to the Northern District of Ohio for coordinated or
consolidated pretrial proceedings.

- 3 -

The allegations of these three treble damage actions raise virtually identical issues of fact, making transfer necessary to avoid duplication in discovery and inconsistent pretrial rulings. And the conflicting claims to class representation asserted by the plaintiffs are additional reasons for our decision.  In re Master Key Antitrust Litigation, 320 F. Supp. 1404 (J.P.M.L., 1971); In re Auto Pollution Antitrust Litigation, 311 F. Supp. 1349 (J.P.M.L. 1970); In re Plumbing Fixtures Antitrust Litigation; 298 F. Supp. 484 (J.P.M.L. 1968).  In view of the extensive common issues of fact and the overlapping class allegations, we must reject plaintiff Kanze's argument that the problem be left for resolution through the informal coordination of counsel.  The Panel's prior experience with multi-district antitrust litigation indicates that firm judicial control must generally be exercised if a "just, speedy and inexpensive deter-mination" is to be made as required by the Federal Rules of Civil Procedure.  See, e.g., In re CBS Licensing Antitrust Litigation, ___ F. Supp. ___ (J.P.M.L. Jan. 20, 1971); Manual for Complex and Multidistrict Litigation, §1.1.

The remaining question is the selection of a transferee district.  The three moving defendants propose the Northern Dis-trict of Ohio, the situs of the United States' actions, suggest-ing that the grand jury documents are lodged there and that Cleveland is a central point for all parties to the litigation.[3]/

---

3/      The named plaintiffs are in the Eastern District of Penn-sylvania and the Southern District of Florida.  Two of the manu-facturers apparently maintain principal offices in New York, one in Wilmington, one in Philadelphia, one in California and one in Kansas.  The trade association, ARW, apparently has its principal place of business in Michigan.

- 4 -

The remaining parties are united in their opposition to the
Northern District of Ohio.  That district is opposed because
little discovery has occurred there; the civil action brought
by the United States was stayed immediately after filing and
discovery is only beginning in the criminal action.  It is also
suggested that possible problems of self-incrimination concern-
ing the criminal defendant, ARW, may arise in these actions
which would make it inappropriate to assign them to the same
judge who is assigned the criminal action.

Several alternate transferee districts are suggested by
the parties.  Two of the defendants[4]/ and plaintiff Kanze suggest
the Eastern District of Pennsylvania.  The Florida plaintiffs
have indicated they are agreeable to the transfer of their
cases to another district and list the Eastern District of
Pennsylvania as their first choice.  And, finally, one defendant
suggests that the size and scope of the national classes alleged
and the location of the defendants require transfer to a mid-
western forum such as the District of Kansas.

We think that the Northern District of Ohio is the most
appropriate transferee district for these cases.  The grand jury
which returned the original indictment sat there and its documents
are still located there, under the protective order of that court.
No discovery on the merits has occurred in any other district,
although some discovery has occurred in Philadelphia concerning

---

4/      Pennwalt Corp. and Union Carbide Corp.

- 5 -

the class action issue.  And it is clear that a great deal of coordination will be necessary between the discovery efforts of the plaintiffs here and proceedings in the United States' actions.  Although there would be many advantages in assigning the cases to the judge to whom the government proceedings are assigned, we think it the wiser course to assign them to a different judge.  Judge Frank J. Battisti has consented to receive these cases under Section 1407 and IT IS THEREFORE ORDERED that the defendants' motion be granted and that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Northern District of Ohio and with the consent of that court are assigned to the Honorable Frank J. Battisti for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

SCHEDULE A                                    DOCKET NO. 76


## EASTERN DISTRICT OF PENNSYLVANIA

Marvin E. Kanze, Inc. v. Airconditioning        Civil Action
& Refrigerating Wholesalers, et al.             No. 71-129


## SOUTHERN DISTRICT OF FLORIDA

Certified Air Conditioning, Inc. v. Allied      Civil Action
Chemical Corporation, et al.                    No. 71-724


Dade County v. Allied Chemical Corporation,     Civil Action
et al.                                          No. 71-933